UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> PROPERTIES PLUS INVESTMENTS, LLC., *et al.*, <br><br> Defendant's. | No. 2:16-cv-01393-RFB-EJY <br><br> **ORDER** |

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Summary Judgment. ECF No. 34. For the following reasons, the Court grants the motion.

**I.    PROCEDURAL BACKGROUND**

Wells Fargo began this action when it filed a complaint on June 17, 2016. ECF No. 1. The complaint sought declaratory relief that a 2012 nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") was invalid, and that Defendant Properties Plus Investments LLC ("Properties Plus") purchased the property subject to a valid deed of trust. Id. Plaintiff filed the operative amended complaint on December 7, 2018. ECF No. 17. On October 24, 2019, Wells Fargo moved for summary judgment. ECF No. 34. A response and reply were filed. ECF Nos. 35, 36. This written order now follows.

**II.    FACTUAL BACKGROUND**

The Court makes the following findings of undisputed and disputed fact. [1]

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Freddie Mac's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d

1

### a. Undisputed Facts

This matter concerns a nonjudicial foreclosure on a property located at 9050 West Warm Springs Road, Unit 2139, Las Vegas, Nevada 89148 (the "property"). The property sits in a community governed by a HOA. The HOA requires the community members to pay dues.

Shiho Ishige borrowed funds from Home Loan Center, Inc. dba LendingTree Loans in February 2005 to purchase the property. To obtain the loan, Ishige executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Ishige as the borrower, LendingTree Loans as the lender, and Mortgage Electronic Systems, Inc. ("MERS") as the beneficiary, was recorded on February 9, 2005. A deed of trust recorded on April 24, 2016, states that MERS assigned its interest to Wells Fargo.

At some point Ishige fell behind on her HOA dues, and the HOA initiated the nonjudicial foreclosure process against her. On June 19, 2013, the HOA foreclosed on its lien and sold the property to Properties Plus for $8,300. Defendant Pico Boulevard Group LLC ("Pico Boulevard) acquired the property in February 2018 as evidenced by a quitclaim deed recorded on March 9, 2018.

However, the Federal Home Loan Mortgage Corporation ("Freddie Mac") previously purchased the note and the deed of trust in March 2005  While its interest was never recorded under its name, Freddie Mac continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure sale.

The relationship between Freddie Mac and its servicers is governed by Freddie Mac 's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac. It also requires that servicers assign the deeds of trust to Freddie Mac on Freddie Mac 's demand. The Guide states:

---

923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

2

> The Seller/Servicer is not required to prepare an assignment of the Security Instrument to the Federal Home Loan Mortgage Corporation (Freddie Mac). However, Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Instrument to Freddie Mac.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including when "[s]eller/servicers may need to obtain physical or constructive possession of a Note." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Freddie Mac. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Freddie Mac. See Guide at 67.17 ("Routine and non-routine litigation"). But the Guide clarifies that the Servicer must "follow prudent business practices" to ensure that note is "identif[ied] as a Freddie Mac asset." Finally, under the Guide, "all documents in the mortgage file . . . will be, and will remain at all times, the property of Freddie Mac."

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"). 12 U.S.C. § 4511 *et seq*. HERA established the FHFA and gave it authority to oversee the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) as the enterprises' Conservator. In accordance with its authority, FHFA placed the Enterprises, including Freddie Mac, under its conservatorship in 2008. Neither FHFA nor Freddie Mac consented to the foreclosure extinguishing Freddie Mac 's interest in the property in this matter.

### III.  LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering

3

the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**IV.    DISCUSSION**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. The Ninth Circuit has further stated that loan servicers such as Wells Fargo have an agency relationship with the enterprise that entitles them to bring such claims on behalf of the enterprise. Ditech Fin., LLC v. SFR Invs. Pool 1, LLC, 793 F. App'x 490 (9th Cir. 2019); Berezovsky, 869 F.3d at 932. Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing Freddie Mac's deed of trust that was serviced by Wells Fargo.

4

Despite Berezovsky's clear holding, Pico Boulevard argues that Freddie Mac was required to record its interest. Pico Boulevard contends that the lack of a recorded document listing Freddie Mac as the owner raises a disputed issue of fact as to whether Freddie Mac actually owned the loan.

The Court finds that Defendant has done no more than raise "metaphysical doubt" as to whether Freddie Mac lawfully acquired the loan. Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The Ninth Circuit has found that database records are admissible evidence to show that a government-sponsored-enterprise acquired the loan. Berezovsky v. Moniz, 869 F.3d 923, 932 n.8 (9th Cir. 2017); Elmer v. JPMorgan Chase & Co., 707 Fed. Appx. 426, 428 (9th Cir. 2017). The Nevada Supreme Court has also done the same, and specifically held that the government-sponsored enterprise need not be the beneficiary of record to establish its ownership interest. Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019).

In this case, Wells Fargo provided printouts from its MIDAS system accompanied by a sworn declaration from Jeffery K. Jenkins, a Loss Mitigation Senior official with Freddie Mac. The printouts show a funding date of March 14, 2005. The printout lists the correct borrower and correct date on which the deed of trust was signed (February 2005). The Court finds this evidence sufficient to find that Freddie Mac acquired the loan on or around March 2005. The Court also finds that Wells Fargo submitted evidence sufficient to establish that it is the current servicer of the loan and has standing to bring this suit.

Based on the forgoing, the Court grants summary judgment in favor of Freddie Mac and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Freddie Mac's interest in the property. Because the Court finds that the applicability of the Federal Foreclosure Bar is dispositive in this case, it dismisses all other claims.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 34) is granted. The Court grants summary judgment to Plaintiff Wells Fargo on its second cause of action and quiets title, finding that Defendant Pico Boulevard Group, LLC acquired the property subject to the deed of trust serviced by Plaintiff Wells Fargo.

**IT IS FURTHER ORDERED** that the lis pendens (ECF No. 4) filed in this case is expunged.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED this 24th day of July, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**